UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LEVENSKI CROSSTY,<br>    Petitioner, | Case No. 1:19-cv-13 |
| vs. | Cole, J.<br>Bowman, M.J. |
| WARDEN, ROSS<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ross Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ, to which petitioner has not responded. (Docs. 2, 7).

For the reasons stated below, the undersigned recommends that the petition be denied with prejudice.

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following set of facts leading to petitioner's conviction and sentence:[1]

> {¶2} Jessica Wilson, the mother of Crossty's two-year-old daughter, was house-sitting for a friend who was out of town. Wilson and her four young children were at the home when Crossty entered, uninvited, through a window. Wilson did not know Crossty had entered the home until she heard him screaming at her while she was giving one of the children a bath. Wilson shut and locked the bathroom door, but Crossty forced the door open.
>
> {¶3} Before Wilson could call 911, Crossty grabbed her and struck her in the head.

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

She was apparently knocked unconscious because the next thing she recalled was that she was sitting in the passenger seat of her brother's car with her two-year-old daughter on her lap and three of her older children in the back seat. Crossty was driving the car.

{¶4} As he was driving, Crossty continually screamed at Wilson and struck her face, arm, and head. This continued over the course of several hours.

{¶5} Wilson said that Crossty drove them to a park, where they all got out of the car for a short time. Wilson was scared and wanted to get away from Crossty, but she did not leave because she feared for the safety of her children.

{¶6} Then they all got back into the car and Crossty drove Wilson and the children to his sister's home. His sister was not there. In an attempt to escape from Crossty, Wilson ran to a neighbor's home, pounded on the door, and yelled for help. No one responded. Crossty grabbed Wilson, but she held onto a pole. At some point, Crossty bit Wilson's hand.

{¶7} Crossty got the kids back into the car and threatened to leave with them, so Wilson also got back into the car. Wilson was scared for her children and for herself, but had no phone to call for help, so she repeatedly asked Crossty to drop the children off somewhere. Crossty refused and continued to scream and to strike Wilson. They had been together for several hours at that point.

{¶8} Then Wilson told Crossty that the children needed to eat. When Crossty pulled into a fast-food restaurant's drive-through lane, Wilson scooped up her two-year old daughter and escaped from the car. Wilson ran around the car and tried to hand the child to a restaurant employee through the drive-through window, but Crossty grabbed the child, put her in the car, and drove off, leaving a hysterical Wilson behind.

{¶9} Restaurant employees called the police. An employee testified that Wilson's eye was huge, swollen, black, and bloody.

{¶10} Wilson was taken to the hospital, where she remained several hours for treatment. Police detectives went to the hospital to interview Wilson and to photograph her injuries. Wilson showed no signs of intoxication.

{¶11} In his interview with the police, Crossty said that he and a friend had gone to the home where Wilson was house-sitting to have dinner. After his friend left, Crossty took Wilson and four of her children to a park. Crossty said that Wilson was drunk, and that he confronted her about cheating on him. He said that when they got to his sister's home, Wilson ran to a neighbor's home, banged on the door, and yelled for help. So Crossty grabbed her, and had to "get rough" with her to get her back in the car. He admitted that he had hit her a few times in the face, but said that he had just used "little flicks" or "little slaps."

2

> {¶12} After Crossty was arrested, he called Wilson from jail several times to convince her not to appear for the trial, so that the case against him would be dismissed.

(Doc. 6, Ex. 10 at PageID 99–101).

## II. PROCEDURAL BACKGROUND

### State Trial Proceeding

On July 27, 2016, the Hamilton County, Ohio, grand jury returned a twelve-count indictment charging petitioner with five counts of abduction, four counts of kidnapping, and one count each of aggravated burglary, felonious assault, and theft. (Doc. 6, Ex. 1). Petitioner entered a not-guilty plea. (Doc. 6, Ex. 2).

The case proceeded to a jury trial. At the conclusion of the state's case at trial, the trial court granted petitioner's motion for acquittal on the single count of theft. (Doc. 6, Ex. 3). The jury subsequently found petitioner guilty of aggravated burglary, felonious assault, and one count of abduction. (Doc. 6, Ex. 5). Petitioner was acquitted of the remaining charges. (Doc. 6, Ex. 4).

On February 21, 2017, petitioner was sentenced to a total aggregate prison sentence of twenty years in the Ohio Department of Corrections. (Doc. 6, Ex. 6).

### Direct Appeal

On March 6, 2017, petitioner, through counsel filed a timely notice of appeal to the Ohio Court of Appeals. In his appellate brief, petitioner raised the following three assignments of error:

1. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions.

2. The trial court erred to the prejudice of Mr. Crossty by allowing the State to play a jail call made by him and admitting it into evidence.

    3. The trial court erred to the prejudice of Mr. Crossty by imposing consecutive sentences.

(Doc. 6, Ex. 8 at PageID 64–65). With respect to his third assignment of error, petitioner claimed—as he does in the instant petition—that the trial court erred under Ohio Rev. Code § 2929.14(C)(4), arguing that the court's factual findings made in support of consecutive sentences were not supported by the record. (*Id.* at PageID 77–79). On November 1, 2017, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 6, Ex. 10).

### Ohio Supreme Court

On December 13, 2017, petitioner filed a pro se appeal to the Ohio Supreme Court. (Doc. 6, Ex. 11). In his memorandum in support of jurisdiction, petitioner raised the following single proposition of law:

    1. The Trial Court Erred By Imposing Consecutive Sentences.

(Doc. 6, Ex. 12 at PageID 117). Petitioner argued that the trial court erred under Ohio Rev. Code § 2941.25(A), because he claimed his offenses were allied offenses of similar import.

On April 25, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 13).

### Federal Habeas Corpus Petition

On January 3, 2019, petitioner commenced the instant federal habeas corpus action. (*See* Doc. 1). Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's conviction.
>
> **Supporting Facts**: The evidence in these cases did not support convictions for aggravated burglary, felonious assault and abduction. The test for determining

4

>whether the evidence is sufficient to support a criminal conviction is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt, and whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is a violation of a person's due process rights to be convicted except upon sufficient proof. The convictions were against the manifest weight of the evidence. The trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
>
>**GROUND TWO**: The trial court erred to the prejudice of Mr. Crossty by allowing the State to play a jail call made by him and admitting it into evidence.
>
>**Supporting Facts**: The trial court erred in allowing a jail call allegedly made between Mr. Crossty (appellant) and his mother to be played for the jury and subsequently admitted into evidence. The call was not properly authenticated. Clearly, there is a break in the chain of custody and calls into question the admissibility of this telephone call.
>
>**GROUND THREE**: The trial court erred to the prejudice of Mr. Crossty by imposing consecutive sentences.
>
>**Supporting Facts**: A trial court can only impose consecutive sentences when it makes appropriate findings pursuant to statute. The record before the court does not justify making the necessary finding for consecutive sentences. This Court should modify the sentences to all run concurrently with each other since the necessary findings are not supported by the record.

(Doc. 2 at PageID 9–12).

Respondent has filed a return of writ in response to the petition. (Doc. 7). According to respondent, petitioner's grounds for relief are procedurally defaulted and/or without merit. As noted above, petitioner has not replied to the return of writ.

### III. THE PETITION SHOULD BE DENIED.

In Ground One of the petition, petitioner claims that his convictions and sentence were not supported by sufficient evidence. In Ground Two, he contends that the trial court erred in admitting a recording of a jail phone call at trial. Finally, in Ground Three, petitioner claims that the trial court erred in sentencing him to consecutive sentences. (*See* Doc. 2). Petitioner is not entitled to federal habeas relief based on his grounds for relief. As explained below, petitioner

5

has not stated cognizable claims in this federal habeas corpus proceeding to the extent that he claims the trial court erred under Ohio law, as he does in Grounds Two and Three of the petition. Petitioner has otherwise procedurally defaulted and waived his grounds for relief.

As an initial matter, in this federal habeas case, the Court has jurisdiction to review petitioner's claim only to the extent that petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson,* 562 U.S. at 5 (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). In Grounds Two and Three of the petition, petitioner seeks relief based on alleged errors under Ohio law. Petitioner argues in Ground Two that a recorded jail phone conversation was improperly admitted at trial under Ohio Rule of Evidence 901. (*See* Doc. 2 at PageID 11, 32–33). Similarly, petitioner seeks relief in Ground Three of the petition based on his claim that the trial court's factual findings under Ohio Rev. Code § 2929.14(C)(4)[2] were not supported by the record. (*See id.* at PageID 12, 34–36).[3] Petitioner has not alleged cognizable grounds for federal

---

[2] Under that section, "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following. . . (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." As noted by the Ohio Court of Appeals, the trial court made these findings in the judgment entry, additionally finding that petitioner's offenses satisfied § 2929.14(C)(4)(b). (*See* Doc. 6, Ex. 6 at PageID 60).

[3] Petitioner has attached his direct appeal brief to his habeas petition as his brief in this action. On direct appeal, petitioner raised the claims in Grounds Two and Three solely under Ohio law. Although not discussed below, petitioner's failure to present his claims as constitutional issues on direct appeal constitutes a procedural default of any constitutional claim petitioner may seek to advance in Grounds Two or Three of the petition. *See Carter v. Mitchell*, 693 F.3d at 555, 568 (6th Cir. 2012) (requiring that the claims asserted in the federal habeas petition to be based on the same facts and same legal theories that were presented to the state courts in order to satisfy the fair presentation requirement). Even if petitioner raised his claims on constitutional grounds in his subsequent appeal to the Ohio Supreme Court, petitioner was unable to satisfy the "fair presentation" requirement at that late juncture because the Ohio Supreme Court lacked jurisdiction to consider the constitutional issues, which had not been raised

habeas relief based on these claims. *See Maurent v. Hooks*, Case No. 16-3580, 2017 WL 5952266, at *3 (6th Cir. Apr. 25, 2017) ("Reasonable jurists would not disagree that the allegedly improper authentication of the jail-call recording was not cognizable on federal habeas review."). *See also Driggins v. Lazaroff*, No. 1:14cv919, 2015 WL 6957219, at *1, *31 (N.D. Ohio Oct. 27, 2015) (citing *Wilson v. Corcoran*, 562 U.S. 1, 8 (2010); *Oregon v. Ice*, 555 U.S. 160, 163 (2009)); *Hoffman v. Tribley*, No. 13-10868, 2013 WL 1137353, at *2 (E.D. Mich. Mar. 19, 2013) (and cases cited therein) ("Regarding consecutive sentencing, the application of state sentencing laws governing consecutive sentencing does not present a federal constitutional question but merely an issue of state law which is not cognizable on habeas review."). *See also Floyd v. Alexander,* 148 F.3d 615, 619 (6th Cir. 1998) (holding that although the trial court may have violated a state criminal rule in changing the petitioner's sentence from concurrent to consecutive sentences in his absence, "this error does not . . . constitute a violation of procedural due process of law," but rather is an alleged violation of state law "that is not cognizable in a federal habeas corpus proceeding"); *Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (holding that a claim challenging the state prisoner's aggregate prison sentence "involves a matter of state law," which "is not cognizable in a federal habeas corpus proceeding"). Accordingly, petitioner is not entitled to federal habeas relief based on the non-cognizable claims raised in Grounds Two and Three of the petition.

Petitioner has otherwise procedurally defaulted and waived his grounds for relief. In recognition of the equal obligation of the state courts to protect the constitutional rights of

---

to or considered by the intermediate appellate court. *See* Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198 (Ohio 1965); *see also Rigdon v. Ohio Adult Parole Authority,* No. 1:08-cv-716, 2010 WL 3910236, at *9 (S.D. Ohio July 7, 2010) (Wehrman, J.) (citing *Leroy,* 757 F.2d at 99; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)), *adopted,* 2010 WL 3910230 (S.D. Ohio Oct. 4, 2010) (Dlott, J.); *Harsh v. Warden, Chillicothe Corr. Inst.,* No. 1:08-cv-433, 2009 WL 3378246, at *1, *9 n.8 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.) (and cases cited therein).

criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). *See, e.g., Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (finding that the doctrine of *res judicata* applies to constitutional claims that could have been raised on direct appeal) (citing *State v. Combs*, 652 N.E.2d 205, 209 (Ohio App. 1994)).

    Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady,* 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir. 1996).

8

In this case, petitioner procedurally defaulted and waived his grounds for relief. With respect to Grounds One and Two of the petition, petitioner failed to present the claims to the Ohio Supreme Court. Petitioner raised the claims as assignments of error on direct appeal to the Ohio Court of Appeals. (*See* Doc. 6, Ex. 8). However, petitioner failed to raise the claims on further appeal to the Ohio Supreme Court. (*See* Doc. 6, Ex. 11). *See Leroy,* 757 F.2d at 97 (failure to raise a claim on direct appeal in the Ohio Court of Appeals or in the Ohio Supreme Court constitutes a procedural default). With respect to his third ground for relief, although petitioner did raise a consecutive sentence claim as a proposition of law before the Ohio Supreme Court, he argued that the trial court erred under Ohio Rev. Code § 2941.25(A), Ohio's allied offenses of similar import statute. (*See id.* at PageID 117). Petitioner did not raise the claim asserted on direct appeal or that presented in Ground Three of the petition: that the trial court erred in applying Ohio Rev. Code § 2929.14(C) to impose consecutive sentences. (*See* Doc. 2 at PageID 12, 22; Doc. 6, Ex. 8 at PageID 65, 77–79). *See Carter*, 653 F.3d at 568 (requiring that the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts in order to satisfy the fair presentation requirement).

Because petitioner failed to fairly present his claims to the Ohio Supreme Court, he procedurally defaulted and has waived the ground for relief absent a showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered herein. *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262. No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief based on his non-cognizable state law claims raised in Grounds Two and Three of the

9

petition. Furthermore, petitioner procedurally defaulted and has waived his grounds for relief by failing to present his claims to the Ohio Supreme Court. In the absence of a showing of cause for his procedural defaults or that a fundamental miscarriage of justice will occur if his defaulted claims for relief are not considered by this Court, the petition should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                   s/Stephanie K. Bowman
                                   Stephanie K. Bowman
                                   United States Magistrate Judge

---

[4] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LEVENSKI CROSSTY,
    Petitioner,

vs.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-cv-13

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).